IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| CHRISTIAN B. EYRING,<br><br>    Plaintiff,<br><br>vs.<br><br>PETER A. FONDACO, an individual, TROY McCOMBE, an individual, MEG ROWLAND, an individual, ALISSA BLACK, an individual, MANDY ROSE, an individual, and BRITTANY JONES, an individual,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER<br><br><br><br>Case No. 2:13-CV-1137<br><br>Judge Dee Benson |

      This case is before the court on three separate motions to dismiss filed by the defendants. These motions include: Defendant Brittany Jones's Motion to Dismiss Plaintiffs' First Amended Complaint (Dkt. No. 12), the Murray City Defendants'[1] Motion to Dismiss Plaintiffs' Amended Complaint (Dkt. No. 20), and Defendant Mandy Rose's Motion to Dismiss Plaintiffs' Amended Complaint (Dkt. No. 17).

      The court heard oral argument on the motions, at the conclusion of which, the court ruled

---

[1] Defendants Peter A. Fondaco, Troy McCombe, Meg Rowland, and Alissa Black are collectively referred to as the "Murray City Defendants."

from the bench GRANTING Defendant Mandy Rose's Motion to Dismiss. The court took the two remaining motions under advisement. Now, having considered the parties' arguments, memoranda, and the relevant law, the court enters the following Memorandum Decision and Order.

## BACKGROUND

On December 31, 2013, plaintiff Christian B. Eyring, individually and on behalf of his minor child T.H.E., filed a *pro se* Complaint against the defendants herein, alleging violations of his and his son's constitutional rights relating to an investigation into allegations of child abuse and a custody battle between plaintiff and his ex-wife. Shortly thereafter, plaintiff obtained counsel who filed an Amended Complaint alleging, in sum, that defendants' conduct deprived Eyring of constitutional rights in violation of 42 U.S.C. § 1983.

The Amended Complaint asserts claims against Peter A. Fondaco, the (former) Murray City Chief of Police, Troy McCombe, a (former) Murray City Police Detective, Meg Rowland, a (former) Murray City Police Officer, Alissa Black, a Murray City Crime Victim Advocate, Brittany Jones, a Case Worker for the Utah Department of Child and Family Services, and Mandy Rose, a Salt Lake District Attorney, for their alleged roles in the investigation.

More specifically, the Amended Complaint asserts that on May 29, 2009, the defendants engaged in egregious misconduct when they "obtained and placed on eleven-year old T.H.E. a recording device for the purpose of recording an interview between T.H.E. and [the social worker] ... appointed by the court to interview T.H.E. and assist the court to determine whether T.H.E. should be placed temporarily in the custody of his mother." (Am. Compl. ¶ 19.) The

Amended Complaint alleges:

> **This use of T.H.E. to conduct undercover surveillance of his own *court-ordered* therapy not only did not assist in protecting T.H.E.'s health, safety, and welfare, it was in and of itself so detrimental to T.H.E.'s confidence in adults, figures of authority, and particularly therapists, counselors, and the process of therapy and counseling, that he still has not recovered, and may never recover.**

(Am. Compl. ¶20) (emphasis in original).

Plaintiff further alleges and claims:

> By placing a recording device on T.H.E. to conduct surveillance upon his own therapist, which profoundly damaged T.H.E.'s trust of adults and of authority, including Plaintiff Eyring, and which has severely hindered T.H.E.'s ability to gain any benefit from any therapy, as well as Plaintiff Eyring's ability to provide that benefit, [defendants] did each deprive Plaintiff Eyring of rights, privileges, and immunities secured by the Constitution and laws of the United States.

(Am. Compl. ¶57.)[2]

The various defendants have filed motions to dismiss claiming that: (1) Plaintiff's § 1983 claims are barred by the applicable statute of limitations, and (2) even if plaintiff's § 1983 claims are not barred by the statute of limitations, defendants are nonetheless entitled to qualified immunity.

## DISCUSSION

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim of relief that is plausible on its face." Free Speech v. Fed.

---

[2] With the exception of the Second Cause of Action, arising from the May 29, 2009 placement of a recording device on T.H.E., plaintiff has failed to address or defend the remaining claims in the Amended Complaint. Accordingly, it is assumed that these undefended claims have been waived or abandoned, and at oral argument Plaintiff's counsel explicitly confirmed that the § 1985 claim had been "withdrawn."

Election Comm'n , 720 F.3d 788, 792 (10th Cir. 2013) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.  "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully."  Cressman v. Thompson, 701 F.3d 1139, 1153 (10th Cir. 2013).  "In the context of a § 1983 action against multiple governmental actors, it is particularly important that the complaint make clear exactly *who* is alleged to have done *what to whom*, to provide each individual with fair notice as to the basis of the claims against him or her."  Wilson v. Montano, 715 F.3d 847, 852 (10th Cir. 2013) (emphasis in original).

    **I.**    **Statute of Limitations**

In Utah, § 1983 claims are governed by a four-year statute of limitations.  Garza v. Burnett, 672 F.3d 1217, 1219 (10th Cir. 2012) (citing Utah Code Ann. § 78B-2-307(3)).  And, as plaintiff recognizes and concedes, "[a]ctions under § 1983 normally accrue on the date of the [alleged] constitutional violation."  Id.  In this case, plaintiff's Amended Complaint expressly alleges that the recording device was placed on T.H.E. on May 29, 2009, and the resulting transcript of the recorded conversation between T.H.E. and the court-appointed therapist was presented to the court and to plaintiff's attorney shortly thereafter during a protective order hearing held on June 11, 2009.  (Am. Compl. ¶22.)  Thus, according to plaintiff's own allegations, plaintiff became aware that defendants had placed a recording device on T.H.E. no later than June 11, 2009.

Applying the well-established standards governing statutes of limitations to the facts alleged by plaintiff, the § 1983 claims are time barred.  The four-year statute of limitations arising from the May 29, 2009 recording – which plaintiff admittedly became aware of no later than June 11, 2009 – ran as of June 11, 2013, approximately six months prior to the December 31, 2013 filing date of plaintiff's Complaint.  (Dkt. No. 1.)

Plaintiff attempts to avoid this result by asserting that the claim in this case did not "accrue" until much later because plaintiff did not know the extent of his son's injuries until late 2013.  However, "[a] plaintiff need not know the full extent of his injuries before the statute of limitations begins to run."  Industrial Constructors Corp. v. U.S. Bureau of Reclamation, 15 F.3d 963, 969 (10th Cir. 1994).  Similarly, "it is not necessary that a claimant know all of the evidence ultimately relied on for the cause of action to accrue."  Baker v. Bd. of Regents of State of Kan., 991 F.2d 628, 632 (10th Cir. 1993); see also Alexander v. Oklahoma, 382 F.3d 1206, 1216 (10th Cir. 2004) ("[A] plaintiff need not have conclusive evidence of the cause of an injury in order to trigger the statute of limitations.").  More importantly, however, plaintiff's statement that the extent of the harm was not known until December 2013 is at odds with the allegation in his Amended Complaint that he "served written notice of his intent to sue" the defendants on May 8, 2012, roughly nineteen months prior to that time.  (Am. Compl. ¶ 31.)  The facts set forth in the Complaint demonstrate that the claims against defendants were known to plaintiff within the limitations period and over four years prior to the filing of the Complaint.

Plaintiff's additional argument that his § 1983 claims should be equitably tolled under Utah law is similarly unavailing.  Under Utah law, there are two circumstances where the

"equitable discovery rule may operate to toll an otherwise fixed statute of limitations period":

> (1) where a plaintiff does not become aware of the cause of action because of the defendant's concealment or misleading conduct, and (2) where the case presents exceptional circumstances and the application of the general rule would be irrational or unjust, regardless of any showing that the defendant has prevented the discovery of the cause of action.

Helfrich v. Adams, 299 P.3d 2, 6 (Utah App. 2013) (citation and internal quotation marks omitted). However, "before a statute of limitations may be tolled under [the equitable discovery rule], the plaintiff must make an initial showing that he did not know nor should have reasonably known the facts underlying the cause of action in time to reasonably comply with the limitations period." Id. (quoting Berneau v. Martino, 223 P.3d 1128, 1134 (Utah 2009)). Plaintiff has not and cannot satisfy this standard.

First, plaintiff cannot satisfy the "threshold showing." As set forth above, and according to the allegations in plaintiff's Amended Complaint, he was aware of the facts underlying the cause of action in time to reasonably comply with the four-year limitations period. Moreover, plaintiff concedes that there was no concealment or misleading conduct on the part of defendants (Pl.'s Response at 4), and plaintiff has not even attempted to show "exceptional circumstances" in this case. Accordingly, equitable tolling does not apply in this case.

Therefore, because plaintiff's § 1983 claims accrued well over four years before plaintiff filed his initial complaint they are time-barred.

## II.     Qualified Immunity

Moreover, even if plaintiff's § 1983 claims were not barred by the applicable statute of limitations, the defendants in this case would nonetheless be entitled to qualified immunity.

"The Supreme Court has emphasized the broad protection qualified immunity affords, giving officials a right, not merely to avoid standing trial, but to avoid the burdens of such pretrial matters as discovery." Medina v. Cram, 252 F.3d 1124, 1127 (10th Cir. 2001); see also Verdecia v. Adams, 327 F.3d 1171, 1174 (10th Cir. 2003) ("The privilege is an immunity from suit rather than a mere defense to liability . . . ."). As a result, courts are instructed to "resolve the purely legal question raised by a qualified immunity defense at the earliest possible stage in litigation." Medina, 252 F.3d at 1127-28.

"Qualified immunity shields federal and state officials from money damages unless a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." Ashcroft v. al-Kidd, 131 S. Ct. 2074 (2011). Once a defendant asserts a qualified immunity defense, the burden shifts to the Plaintiff." Verdecia, 327 F.3d at 1174; see also Medina, 252 F.3d at 1128 (describing a plaintiff's burden as "heavy"). "If the plaintiff dies not satisfy either portion of the two-pronged test, the Court must grant the defendant qualified immunity." Verdecia, 327 F.3d at 1174.

The court agrees with defendants that the plaintiff in this case has failed to carry the heavy two-part burden of establishing that the defendants' conduct (1) violated a constitutional right, and (2) that the right at issue was clearly established at the time of the alleged conduct. In reaching this conclusion, adopts and incorporates by reference the reasoning set forth at pages 6 through 10 of the Murray City Defendants' Reply Memorandum in Support of Motion to Dismiss Plaintiffs' First Amended Complaint. (Dkt. No. 30 at 6-10.)

## CONCLUSION

For the foregoing reasons, Defendant Brittany Jones's Motion to Dismiss Plaintiffs' First Amended Complaint (Dkt. No. 12) is GRANTED and the Murray City Defendants' Motion to Dismiss Plaintiffs' Amended Complaint (Dkt. No. 20) is GRANTED.

It is so ordered.

DATED this 9th day of January, 2015.

Dee Benson
United States District Judge